1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    SANDRA SALTZMAN,                          No.  2:18-CV-2215-DMC

12                    Plaintiff,

13           v.                                 <u>ORDER</u>

14    COMMISSIONER OF SOCIAL
      SECURITY,
15
                     Defendant.
16

17

18            Plaintiff, who is proceeding with retained counsel, brought this action for judicial

19    review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

20    Final judgement was entered on December 6, 2019.  <u>See</u> ECF No. 21.  Pending before the Court

21    is Plaintiff's unopposed motion for an award of attorney's fees and costs in the amount of

22    $10,160.04 under the Equal Access to Justice Act (EAJA).  <u>See</u> ECF No. 22.

23            Because this court issued a remand pursuant to sentence four of 42 U.S.C.

24    § 405(g), plaintiff is a prevailing party for EAJA purposes.  <u>See</u> <u>Flores v. Shalala,</u> 42 F.3d 562

25    (9th Cir. 1995).  Under the EAJA, an award of reasonable attorney's fees is appropriate unless the

26    Commissioner's position was "substantially justified" on law and fact with respect to the issue(s)

27    on which the court based its remand.  28 U.S.C. § 2412(d)(1)(A); <u>see</u> <u>Flores,</u> 42 F.3d at 569.  No

28    presumption arises that the Commissioner's position was not substantially justified simply

                                            1

1   because the Commissioner did not prevail.  See Kali v. Bowen, 854 F.2d 329 (9th Cir. 1988).

2   The Commissioner's position is substantially justified if there is a genuine dispute.  See Pierce v.

3   Underwood, 487 U.S. 552 (1988).  The burden of establishing substantial justification is on the

4   government.  See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

5          In determining substantial justification, the court reviews both the underlying

6   governmental action being defended in the litigation and the positions taken by the government

7   in the litigation itself.  See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on

8   other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990).  For the government's position to be

9   considered substantially justified, however, it must establish substantial justification for both the

10  position it took at the agency level as well as the position it took in the district court.  See Kali v.

11  Bowen, 854 F.2d 329, 332 (9th Cir. 1998).  Where, however, the underlying government action

12  was not substantially justified, it is unnecessary to determine whether the government's litigation

13  position was substantially justified.  See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).

14  "The nature and scope of the ALJ's legal errors are material in determining whether the

15  Commissioner's decision to defend them was substantially justified."  Sampson v. Chater, 103

16  F.3d 918, 922 (9th Cir. 1996) (citing Flores, 49 F.3d at 570).  If there is no reasonable basis in law

17  and fact for the government's position with respect to the issues on which the court based its

18  determination, the government's position is not "substantially justified" and an award of EAJA

19  fees is warranted.  See Flores, 42 F.3d at 569-71.  A strong indication the government's position

20  was not substantially justified is a court's "holding that the agency's decision . . . was

21  unsupported by substantial evidence. . . ."  Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).

22          Under the EAJA, the court may award "reasonable attorney's fees," which are set

23  at the market rate.  See 28 U.S.C. § 2412(d)(2)(A).  The party seeking an award under the EAJA

24  bears the burden of establishing the fees requested are reasonable.  See Hensley v. Eckerhart, 461

25  U.S. 424, 434 (1983); Atkins v. Apfel, 154 F.3d 988 (9th Cir. 1998); see also 28 U.S.C. §

26  2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court

27  an application for fees and other expenses which shows . . . the amount sought, including an

28  itemized statement from any attorney . . . stating the actual time expended").  The court has an

2

1   independent duty to review the evidence and determine the reasonableness of the fees requested.

2   See Hensley, 461 U.S. at 433, 436-47.  Finally, fees awarded under the EAJA are payable directly

3   to the client, not counsel.  See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

4          As explained above, the burden to show substantial justification is on the

5   Commissioner.  Here, the Commissioner has not filed any opposition to Plaintiff's motion for

6   EAJA fees and costs and has thus failed to meet the Commissioner's burden.  The Court,

7   therefore, finds that the Commissioner's position was not substantially justified and will conduct

8   an independent review for reasonableness of fees and costs requested.  The Court has reviewed

9   counsel's time logs for this case and finds the fees requested to be reasonable.  Specifically,

10  counsel expended a total of 49.93 hours on the case which has an administrative record consisting

11  of 1,413 pages.  Counsel filed a 23-page brief with this Court in support of Plaintiff's contentions.

12  Counsel charges a rate of $203.03 per hour.  The hours spent and the rate charged are reasonable

13  in light of counsel's expertise, the size, of the record, and the length of the brief filed.  The Court

14  also finds that costs requested in the amount of $22.86 associated with service of process are also

15  reasonable.

16         Accordingly, IT IS HEREBY ordered that:

17         1.      Plaintiff's unopposed motion for an award of fees and costs under the

18  EAJA, ECF No. 22, is granted; and

19         2.      Plaintiff is awarded a total of $10,160.04 in fees and costs, payable to

20  Plaintiff.

21

22  Dated:  September 1, 2021

23  _____

24  DENNIS M. COTA
    UNITED STATES MAGISTRATE JUDGE

25

26

27

28

3